Daniel, J.
The paper dated the 7th day of August 1815, purporting to be a deed from Daniel Eldridge to William Eldridge, was not legally recorded. There was no law in force at the era of its date, which allowed of its being recorded on the force of an acknowledgment before the chief justice of the Supreme court of Pennsylvania. And it is, I think, obvious from the statement of the judge of the Circuit court *674 in the bill of exceptions, that the ground on which he permitted said paper to go to the jury as evidence of a conveyance, was that of its being an ancient deed. The counsel for the caveatees insists that this ground for the action of the court is not tenable, and that the judge has misconceived the rule of law regulating the admission of ancient deeds without proof of execution. And he contends that in no case can proof of the execution be properly dispensed with, until it is first shown that thirty years’ quiet and continued possession of the land has been held under the deed. And in support of his view of the law, he cites Gilbert’s Evidence, p. 89 ; Coke Litt. 6 b; 2 Bacon Abr. Evidence 648 ; 2 W. Black. R. 1228; 3 John. R. 292 ; 6 Binn. R. 439 ; 9 John. R. 169 ; 1 Har. & John. 174; Dishazer v. Maitland, 12 Leigh 524.
The question is one on which there is some conflict of decision, rendering it necessary in my opinion, in order to arrive at a correct conclusion as to the state of the law on the subject, to review the opposing authorities. In the performance of the task I shall examine briefly each of the authorities relied on by the counsel of the caveatees.
Gilbert in his “ Law of Evidence,” after stating generally the rules essential to the admission of deeds, at p. 88, 89, says, “ But to this rule there are several exceptions. First. If the deed be forty years old, that deed may be given in evidence without any proof of the execution of it; for the witnesses cannot be supposed to live above forty years; and forty years is proof sufficient of a presumption; for the age of a man is no more than sixty years, and a man is supposed to be twenty years before he is of age sufficient to understand the nature of right and wrong, and the general forms of contracting; so that after forty years the witness must be supposed to be dead; and since no person living can be supposed to be coeval with *675 such deeds, therefore they may be offered in evidence without proof. But (he proceeds) it had been ruled that if a deed be forty years old and possession ^ ^ * not gone along with the deed, they ought to give some account of the deed; because the presumption fails that was established in behalf of such deeds, where there is no possession; for it is no more than old parchment if they give no account of its execution.” The last paragraph, which is no doubt the one relied on as showing that, according to Gilbert, it is necessary there should be continual possession for thirty years, does not in terms assert such a proposition; and is not, I think, susceptible of such a construction. It says, it is true, it had been ruled that possession should go along with the deed; but I do not understand him as saying that the ruling of the court to which he refers, requires that it should have continued for the forty years. Again, at the commencement of the same chapter, p. 83, after saying that the deed must be regularly proved by one witness at least, he says, “ This is now to be understood when the deed is of a late date, for if the deed be of thirty years’ standing, which now makes an ancient deed, and the person to whom the deed was. made, or those deriving under him, have been in possession under the deed, such ancient deed shall be read without proof, though the witness to it be alive; and this Baron Gilbert declared to be the rule of evidence at nisi prius; and if the person to whom the deed was made hath been in possession of the lands contained in the deed, such possession shall be presumed to be under the ancient deed unless the contrary be proved.”
The passage in Coke, relied upon by the counsel of the caveatees, is as follows: “ And many times juries, together with other matter, are much induced by presumptions ; whereof there be three sorts, viz: violent, probable, and light or temerary. Violenta presumptio *676 is many times pinna probatio: as if one be run through the body with/a sword in a house, whereof he instantly dieth, and a man is seen to come out of that house with.a bloody sword, and no other man was at that time in the house. So it is in the case of a charter of feoffment, if' all the witnesses to the deed be dead (as no man can keep his witnesses alive, and time weareth out all men,) then violent presumption, which stands for proof, is continual and quiet possession.” It will be seen that Coke is here treating of presumptions, and he cites the presumption founded on possession under an ancient deed as an instance of the violenta presumptio or full proof, as he does that also founded on a man’s being seen to come from a house-in which murder has been committed, with a drawn sword in his hand. He is not engaged in the task of pointing out all the cases in which a deed may be presumed to be genuine without proof of its execution; and it seems to me that it would be just as fair to conclude from this passage that he intended to give the only instance in which a murder might be presumed from circumstances, as that he intended to say that quiet and continual possession furnished the only evidence from which to infer the genuineness of an ancient deed.
In Bacon’s Abridgment, Evidence, H, 7th edition, p. 318, (where I suppose is to be found the authority to which the counsel of the caveatees refers,) the only passage having immediate bearing on the rule under consideration is, “ In case of a feoffment if all the witnesses to the deed are dead, then a continual and quiet possession for any length of time, will make a strong or violent presumption which stands for proof.” It is very obvious that this citation does not sustain the proposition that there must be possession under the deed for thirty years.
The case of Earl v. Baxter, cited from 2 W. Black. *677 R. 1228, is very short and I quote it entire. “Ejectment at last Norwich assizes for the residue of a term of one thousand years granted the 5 Eliz. The lessor of the plaintiff produced the original lease and proved possession in himself, and those under whom he claimed, ever since the 6th Anne, and also showed one mesne assignment in 16 Jac. 1. Sergeant Foster, who tried the case, then thought it incumbent on the plaintiff to prove all the mesne assignments; for want of which, the plaintiff was nonsuited: but he since changed his opinion, and so reported it to the court. The court were clear that the sergeant’s opinion was right, and that it should have been left to the jury, with a recommendation to presume all the mesne assignments: And in consequence nonsuit set aside without costs.” There is nothing here to infer what would have been the fate of the case had there been a failure of proof as to the long continued possession which was shown in the lessor of the plaintiff, and those under whom he claimed.
It must be conceded that in the case of Jackson v. Blanshan, 3 John. R. 292, there was a direct ruling in favor of the proposition contended for by the counsel of the caveatees. In that case possession was proved under thé will of a testator from the time of his death, which had occurred some twenty-six or twenty-seven years before the trial; and though the will bore date more than thirty years back, it was held that some proof of its execution was necessary; it being proved that one of the three subscribing witnesses was yet alive. Kent, chief justice, in delivering his opinion, said, “ It is not proper to compute the will from its date, but only from the time that possession took place under it. It is the accompanying possession alone which establishes the presumption of authenticity in an ancient deed.” And he proceeded to argue that when the possession fails, the presumption must fail *678 also ; that the length of the date would not help the deed, for if that were sufficient, a knave would have nothing to do but to forge an ancient deed. And he concluded that as the death of the testator had occurred only twenty-six or twenty-seven years before the commencement of the suit, the will in that case ought not to be read as evidence, inasmuch as the time of possession under it fell short of the lowest period which, according to his view of the authorities, had been required to establish an ancient deed. The opinion of this learned judge on any question of law is entitled to much respect; but it is to be observed that the decision in the case never had any force as authority even in New York, inasmuch as it was made by only two judges, a minority of the court. Yan Ness, J. concurred with Kent, Ch. J.; Spencer dissented, and Thompson and Yates did not hear the argument in the cause, and gave no opinion.
Of the case from 9 John. R. 169, Doe v. Phelps, it is not necessary to say more than that it affirms a well settled doctrine, about which no question has been made here. In that case possession had been enjoyed for more than fifty years under a deed which purported to be made in pursuance of a power of attorney. The court said that an ancient deed, with possession corresponding with it, proved itself; and that a power of attorney, contained in such deed and necessary to give it validity and effect, ought equally to be embraced by the presumption. No intimation of opinion was given by the court that in the absence of such corresponding possession other circumstantial proofs might not be received, on which to predicate the presumption.
The like remark will justly apply to the case from 6 Binn. R. 439. The possession had been enjoyed under a will for more than thirty years, and the case did not necessarily call for any thing more than the application to an ancient will of the rule which had been *679 announced, in the case just above cited, in respect to the ancient deeds. Tilghman, Ch. J. however, in delivering his opinion, took occasion to approve the trine held by Kent, Ch. J. in Jackson v. Blanshan, 3 John. R. 292, and said, that “although the of the writing affords some evidence in its favor, yet the main ingredient is possession. Both however are necessary to raise that presumption which will justify the court in departing from the usual rule which requires the production of the subscribing witnesses, or proof of their handwriting, after accounting for their absence.” This opinion may perhaps be fairly regarded as one in favor of the doctrine contended for; but I do not regard the authority of the case as going further than to affirm that where there has been more than thirty years’ possession under a paper set up as an ancient will, the genuineness of the paper may be presumed.
The case of Carroll v. Norwood, 1 Har. 8 John. 167, 174, may I think be fairly considered as deciding that an ancient deed is not evidence without proof of the execution, unless it is found that the possession has gone and been held according to the deed.
The last of the cases cited by the counsel of the caveatees are those of Deshazer v. Maitland, and Same v. Same, 12 Leigh 524.
In the first case, which was an action of quare clausum fregit, a paper purporting to convey the land in question, was dated the 1st of September 1789. It appeared that it had been proved by one of four subscribing witnesses in the County court of Charlotte, in December after its date, and continued for further proof; and that it was found in a bundle of proved deeds in the clerk’s office. Maitland proved that he had paid the taxes on the land from 1790 to 1815, both inclusive, and again from 1816 to 1827, both inclusive ; but no proof was offered that Maitland or the *680 grantees in the deed under whom he claimed, had ever been in actual possession under the deed.
In the second case, which was an action of ejectment, the proofs in respect to the deed were very much the same, with the addition that Maitland, the plaintiff in the action below, proved that he had made diligent enquiry after the subscribing witnesses, and could get no account of them, except that they had all died many years ago, and that he could find no one acquainted with their handwriting. It further appeared that neither Downman the grantor, nor any one claiming under him, ever set up any claim to the land in opposition to the deed; but it also appeared that no one lived on, or was in actual possession of, the land until the defendant in the action Deshazer, took possession thereof some four or five years before the commencement of the suit.
The Circuit court admitted the evidence in each case, and this court reversed both judgments, holding that the deed had been improperly permitted to go to the jury. Judge Allen, in delivering his opinion, which was concurred in by the other judges, relied mainly on the passages from Coke, Bacon and Gilbert, and the cases from 3 Johnson and 6 Binney, already referred to.
I will now proceed to examine briefly some of the authorities maintaining the opposite doctrine.
In the case of The King v. Inhab. of Farringdon, 2 T. R. 466, it was held that an allowance of a certificate of a settlement, as having been duly executed, written in the margin of the certificate and signed by two justices, was alone sufficient proof of the certificate where such certificate was thirty years old; notwithstanding the certificate did not certify the affidavit of one of the witnesses to the due execution and attestation of the certificate according to the 3 George 2, c. 29. The certificate had been acted on for more *681 than thirty years. Ashhurst, Judge, said, “ The certificate having been granted above thirty years, it is not necessary to substantiate.it by the mode of pi'oof scribed by the act; for it having been recognized and acted under for so long a period, it was not necessary to have recourse to the act at all. Therefore, on the ground of the length of time which has elapsed since the certificate was granted, I think it is binding.” Buller and Cross, Js. however, made no reference to the fact that the certificate had been acted upon, but expressed the opinion, without any such qualification, that the certificate might be read under “the established rule which holds in the case of every deed, that if it be above thirty years’ standing, it proves itself.”
In the case of The King v. Inhab. of Ryton, 5 T. R. 259, the same doctrine was held in respect to a certificate, more than thirty years old.
So in the case of Oldham v. Wolley, 15 Eng. C. L. R. 150, a will more than thirty years old was allowed to be read in evidence, although the testator had died within thirty years, and some of the subscribing witnesses were proved to be still living. And in Doe v. Passingham, 12 Eng. O. L. R. 209, a will more than thirty years old was received without any proof of possession under it. See also Lord Eldon’s opinion in the matter of Sir T. Parkyns' will, 6 Dow 202, and 12 Viner’s Abr. 84, Evidence.
In 7 Comyn’s Dig. 429, Testmoigne, b. 2, it is said that “ an ancient deed dated forty years past, shall be read without further proof.” So Roscoe, in his Treatise on Evidence, 14, Presumptive Evidence,- announces the doctrine “ that a deed thirty years old or upwards is presumed to have been duly executed, provided some account be given of the deed, where found,” &c.
Best also in his Treatise on Presumptions, 47 Law Lib. 65, lays it down as an established rule, “that *682 deeds, wills and other attested documents, which are more than thirty years old, and are produced from an repository, prove themselves, and the testimony of the subscribing witnesses may be dispensed ’ though it is of course competent to the opposite party to call them to disprove the regularity of their execution.”
Philips, in stating the exceptions to the general rule in respect to the Proof of Writings, vol. 2, p. 203, says, “ It is a rule that if an instrument is thirty years old, it may be admitted in evidence without any proof of its execution; such instrument is said to prove itself. The danger arising from such a relaxation of general principles is, in some measure, diminished by the operation of the rule which requires documents to be produced from their proper place of custody; and in many instances the circumstances of the instruments having been acted upon, and of the enjoyment of property being consistent with and referable to it or otherwise, affords a criterion of its genuineness. The exception applies generally to deeds concerning lands, &c. and all other ancient writings ; and the execution or writing of them need not to be proved, provided they have been so acted upon, or brought from, such a place as to afford a reasonable presumption that they were honestly and fairly obtained, and preserved for use, and are free from suspicion of dishonesty.”
In Mathews on Presumptive Evidence 270, the rule is stated in the same way. “ The general probability of the due execution of instruments which were meant to have a legal operation, is by many degrees increased by lapse of time; which, as it affords opportunity to those whose interest it was to dispute their efficiency, shows at once the acquiescence of such persons, and also a conviction on their part that all proper steps were taken to render the assurances in question valid. On this principle, supported by a consideration of the *683 difficulty if not the impossibility of obtaining living testimony, deeds of thirty years’ standing, by a very ancient rule of law, are admitted in evidence proof of their execution; and when the witnesses are dead, deeds of even a less age, provided the enjoyment of the property to which they relate has corresponded with the limitations, are received as genuine and authentic.”
Starkie, in vol. 1, p. 65, says, “Presumptions are frequently founded upon, or at least confirmed by, ancient deeds, muniments found in their proper, legitimate repositories, although, from lapse of time, no direct evidence can be given of their execution, or of their having been acted upon. It seems, however, that in order to the reception of such evidence, or at least to warrant a court in giving any weight to it, a foundation should be first laid for its admission, by proof of acts, possession or enjoyment, of which the document may be considered explanatory. So it has been said that in the case of a charter of feoffment, if all the witnesses to the deed are dead, then a continual 'and quiet possession for any length of time will make a strong or violent presumption, which stands for proof.”
This review of English authorities, whilst it does not clearly show the establishment of a precise and well ascertained rule on the subject, does, I think, serve to show that the weight of authority in England is opposed to the doctrine that thirty years’ quiet and continual possession under an ancient deed is indispensable to the presumption of its genuineness. And I think that the weight of authority in this country is the same way.
In the case of Jackson v. Larroway, 3 John. Cas. 283, a will executed in 1723, and which had been proved by the witnesses in 1733 and 1744, and recorded, but not in a manner authorized by law, was allowed to be read in evidence on the trial of an action of ejectment in 1801, on the footing of an ancient *684 deed; though actual possession did not follow and accompany the will.
Radcliff, J. in delivering his opinion, after adverting to the fact that the premises in dispute were in a wild and uncultivated state, and for a long time actually in the possession of no one, said, “ The general rule on this subject I take to be, that a deed appearing to be of the age of thirty years, may be given in evidence without proof of its execution, if the possession be shown to have accompanied it, or where no possession has accompanied it, if such account be given of the deed as may be reasonably expected under all the circumstances of the case, and will afford the presumption that it is genuine. This rule is founded on the necessity of admitting other proof as a substitute for the production of witnesses who cannot be supposed any longer to exist. A correspondent possession is always high evidence in support of such a deed; but when no such possession appears, other circumstances are admitted to account for it and raise a legal presumption in its favor.” Kent, J. dissented, in an opinion holding very much the same views afterwards expressed by him in the case of Barham v. Blanhan, 3 John. R. before referred to. A majority of the court, however, concurred in opinion with Radcliff, J.
In Jackson v. Laquere, § Cow. R. 221, Woodworth, in delivering the opinion of the whole court, whilst he said that he did not think that mere efflux of time was sufficient to admit a will to be read without proof, expressed a full concurrence in the rule laid down in Jackson v. Larroway, and said that the law of that case had never been overruled, and ought to govern in the one then under consideration.
And again, in Hewlett v. Cock, 7 Wend. R. 371, a lease more than thirty years old was received in evidence without proof of its execution. It was found among the title papers of the estate affected by it, and the facts and circumstances in reference to the *685 property specified in it, were such as, in the opinion of the court, afforded sufficient presumption, of its genuineness, although there was no direct proof possession accompanying it. Nelson, J. who delivered the opinion of the whole court, said, “ There was some 1 . confusion and contradiction in the cases in England and in New York as to the preliminary proof necessary to authorize an ancient deed to be read in evidence. Possession (he said) accompanying, the deed was always sufficient without other proof, but it was not indispensable. He approved the decision in Jackson v. Larroway, which, he said, had. been recognized as law in Jackson v. Laquere, and had undoubtedly in its favor the weight of English authority.”
It must be conceded, however, that by recent decisions of the Supreme court of New York, the law on the subject is there left in a very unsettled state. See Troup v. Hurlbut, 10 Barb. R. 354; and Ridgeley v. Johnson, 11 Barb. R. 528.
The doctrine of Jackson v. Larroway, is fully recognized by the Supreme court of the United States in the case of Barr v. Gratz, 4 Wheat. R. 213; and by the Court of appeals of South Carolina in the case of Robinson v. Craig, 1 Hill’s S. C. R. 389. The subject is very fully examined by Greenleaf, in his Law of Evidence. In the 21st section of the work, speaking of ancient deeds and wills, he says, “ when these instruments are more than thirty years old, and are unblemished by any alteration, they are said to prove themselves; the bare production thereof is sufficient, the subscribing witnesses being presumed to be dead. This presumption, so far as this rule of evidence is concerned, is not affected by proof that the witnesses are living. But it must appear that the instrument comes from such custody as to afford a reasonable presumption in favor of its genuineness; and that it is otherwise free from just grounds of suspicion. Whether, if the deed be a conveyance of real estate, the *686 party is bound to show some acts of possession under it, is a point not perfectly clear upon the authorities j but the weight of opinion seems in the negative. See again his views in section 144, and in a note thereto, in which he collates the cases on the subject, and comes to the conclusion that the weight of authority is clearly against the doctrine that the absence of proof of possession may not be supplied by other satisfactory corroborative evidence, and says that it is now agreed that where proof of possession cannot be had, the deed may be read, if its genuineness is satisfactorily established by other circumstances.
And, in Cowen Sf Hill’s notes to Philips, vol. 4, p. 366, there is a very able and elaborate review of the decisions, from which is deduced the result that a deed thirty years old or upwards, purporting to be a conveyance of property, real or personal, is sufficiently corroborated to be read without further assurance of authenticity, by showing that possession of the thing it assumes to convey has gone along and been held in accordance with its provisions: That when the length of possession is the circumstance solely relied on, the weight of authority favors thirty years as the shortest period: But that this doctrine with respect to the length of possession is to be understood with the qualification that possession is the only circumstance relied on by way of showing the authenticity of the instrument. And that a full corresponding possession is not the only corroboration which will allow the instrument to be read without proof of its execution.
Upon the best examination I have been able to make of the subject, I have come to the conclusion that the authorities do not furnish satisfactory evidence of the existence here or in England of any well established rule, which, in the absence of proof of execution, makes a continual possession for thirty years, under an ancient deed, the sole sufficient test of its authenticity. And when I look to the foundations on which the rule *687 is supposed to rest, I must confess my inability to discover that solid and substantial reasoning on which it might be expected that a rule, of such vast in its consequences, would be placed.
On the other hand, a rule which would allow the paper to prove itself, or which, in other words, would declare the antiquity of its date alone a sufficient proof of its genuineness, is justly obnoxious to -the objection of Judge Kent, that “ then a knave would have nothing to do but to forge a deed with a very ancient date.” Such objection is, however, wholly without weight when urged against the adoption of the general rule announced in Jackson v. Larroway.
When the deed is of recent date, the party who offers it in evidence is required to produce the witnesses to its execution, if any, or proof of their handwriting, in case they are dead; and if there be no subscribing witnesses, he must prove the handwriting of the maker. But when the deed is of an ancient date, the production of such proof is no longer in the power, or is supposed to be no longer in the power, of the party. A resort to presumptive proof is then allowed. What is there in the nature of the enquiry which renders it proper to declare that a corresponding possession shall be the only sufficient evidence of the fact to be presumed, viz: the genuineness of the deed ? A presumption may be the result of a .single circumstance or of many circumstances. Why say that, in the case of an ancient deed, there must be a departure from the general rule in respect to presumptions, and that its authenticity may be presumed from the single circumstance of possession, but may not be presumed from other circumstances, the existence‘of which is equally inconsistent with any other hypothesis than that of the genuineness of the instrument? The direct evidences, the positive proofs by which the execution of the deed is established, being no longer attainable, and the rule, which requires their produc *688 tion, being dispensed with, it seems to me wholly at war ^íe spb’it of the law, which, under such exigency, allows a resort to circumstantial or presumptive evidence, to hold that a corresponding possession shall be the only evidence from which the authenticity of the deed may be presumed. Such possession does ia¿ee(j furnish a violent presumption, but if in its absence there are other evidences (not intrinsically objectionable) equally capable of producing the same degree of belief, I cannot see the good to be attained, or the evil to be avoided, by rejecting them.
I deem it unnecesary to comment on the facts produced before the court as the groundwork for the introduction of the deed. A reference to the statement of the case will suffice to show that they were such as to exclude all doubt of the authenticity of the deed. And I think the court did right in permitting it to go to the jury.
The second cause of error assigned cannot be sustained.
In Archer, adm'x, v. Saddler, 2 Hen. & Munf. 870, this court held that an administrator with the will annexed being in possession of lands therein directed to be sold, might maintain a caveat to- prevent any other person from obtaining a patent for the same, as waste and unappropriated. Allen, the executor of Eldridge, was then a proper party; and the proceeding being one in the nature of an injunction, I do not think that the irregularity (if any there was) in permitting the suit to be revived and proceeded in in the names of the executor and the devisees, can avail now to defeat the proceedings, especially as no objection in respect to parties was made till after verdict.
Moncure, Lee and Samuels, Js. concurred.
Allen, P. dissented.
Judgment affirmed.