## Wytheville.

### NOWLIN V. BURWELL.

August 11.

Absent, *Moncure*, P.

In 1860 the sheriff of P county sold to G H A certain real estate assessed as the land of L B on the commissioner's books and returned delinquent for non-payment of taxes for the year 1854. G H A assigned the benefit of his purchase to S F N, to whom the clerk executed a deed dated September 7, 1874. In October, 1877, S F N brought an action of ejectment against W A B, who claimed the same land under a title derived from said L B antedating the Commonwealth's lien for taxes—viz : under a deed from T H B, attorney in fact for said L B, to D W S, dated June 26, 1849, a commissioner's deed to W C P (under a decree of sale against said D W S), dated September 25, 1860, and a deed from W C P to said W A B, dated November 26, 1866. W A B and those under whom he claimed had had possession of the land since 1855 or 1856, and W C P, as early as 1857 or 1858, had brought suit against certain persons who had intruded upon the land, and they surrendered the possession and attorned to him as landlord. On the trial there was no proof of the execution of the power of attorney from L B to T H B, which was dated May 14, 1849, and deposited in the clerk's office in December, 1853, though there were two subscribing witnesses who were not produced, nor was their handwriting proved, but the paper was relied on solely as an ancient document. HELD :

1. Affirming *Caruthers* v. *Eldridge*, 12 Gratt. 670, that it is not absolutely necessary to show thirty years' quiet and continued possession of land under a deed in order to dispense with proof of its execution.

2. If the party relies alone upon the possession as proof of the authority of the instrument, such possession must, as a general rule, have continued not less than thirty years along with the deed. But in the absence of such possession, other circumstances are admissible to raise a presumption in favor of the genuineness of the instrument.

3. One of such circumstances often relied on is the fact that the instrument is procured from the proper custody, and is otherwise free from just suspicion.

4. Documents are said to be in the proper custody if they are in the place in which and under the care of the person with whom they should naturally be. And the circumstance of the instrument having been acted upon, and of the enjoyment of the property being consistent with it and referrible to it or otherwise, affords an evidence of its genuineness; and the rule stated applies to deeds, powers of attorney, and to all other ancient writings with or without attesting witnesses.

This was an action of ejectment brought in the circuit court of Patrick county in October, 1877, by Spencer F. Nowlin against Joseph Walker and John Walker, to recover a tract of land lying on Russel's creek, in said county. On the 3d of November following, William A. Burwell, on his motion, was admitted a party defendant in place of the Walkers. The parties waiving a jury, the cause was tried on the 30th of May, 1879, and judgment was rendered for the defendant. The plaintiff tendered two bills of exception to the rulings of the court, one of which was for receiving as evidence a power of attorney from Lucinda Barker to Thomas H. Boyles, dated May 14, 1849, which constituted a link in the defendant's chain of title; and to the judgment aforesaid the plaintiff obtained a writ of error and *supersedeas* from a judge of this court.

The facts are sufficiently stated in the opinion of *Staples*, J.

*A. M. Lybrook*, for appellant.

*J. E. Penn*, for appellee.

STAPLES, J., delivered the opinion of the court.

The land in controversy was assessed on the commissioner's books of Patrick county, in the name of Mrs.

Lucinda Barker, was returned delinquent for the year 1854, was sold as such by the sheriff in 1860, was purchased by G. H. Ashworth, by whom it was sold to Spencer F. Nowlin, the plaintiff in the court below.

On the other hand, the defendant Burwell also claims title under Mrs. Barker by conveyances antedating the lien of the Commonwealth for taxes. There is no difficulty with respect to any of his title deeds, with the exception of an alleged power of attorney from Mrs. Barker to Thomas Boyles, dated 14th day of May, 1849, authorizing Boyles to make sale of the land in controversy.

On the trial of this case in the court below in May, 1879, the defendant offered in evidence this power of attorney without proof of its execution. And although there are two subscribing witnesses, they were not produced, nor was there any proof of their handwriting. The defendant relied solely upon the fact that the deed was an ancient document, thirty years old, and was corroborated by other circumstances tending to show its authenticity.

Before entering into an examination of these circumstances, it is necessary, at all events expedient, to inquire what are the rules of law governing in such cases. We are saved any detailed discussion of the question by the decision of this court in *Caruthers* v. *Eldridge*, 12 Gratt. 670, in which the whole subject is exhaustively considered, by Judge Daniel delivering the opinion of the court.

That decision repudiates the doctrine that "it is indispensable to show thirty years quiet and continued possession of the land under a deed in order to dispense with proof of the execution of the deed itself."

If the party relies alone upon the possession as proof of the authority of the instrument, such possession must, as a general rule, have continued not less than thirty years along with the deed.

But in the absence of such possession, other circumstances

are admissible in order to raise a presumption in favor of the genuineness of the instrument.

One of such circumstances often relied upon is the fact that the instrument is procured from the proper custody, and is otherwise free from just grounds of suspicion. Documents are said to be in the proper custody if they are in the place in which and under the care of the person with whom they should naturally be. Stephens' Digest, p. 148. And it is further laid down by the authorities that in many instances the circumstance of the instrument having been acted upon, and of the enjoyment of the property being consistent with and referrable to it or otherwise, affords an evidence of its genuiness.

In *King* v. *Inhabitants of Farringdon*, 2 Term. R. 466, Ashburst, J., said : " The certificate having been granted above thirty years, it is not necessary to substantiate it by the mode of proof prescribed by the act; for its having been re-cognized and acted under for so long a period, it was not necessary to have recurred to the act at all." The rule stated applies to deeds, powers of attorney, and to all other ancient writings, with or without attesting witnesses. Phillips, 2 vol., 203.

Now, let us look at the facts relied upon in corroboration of the presumption derived from the antiquity of the power of attorney, which, as already stated, bears date the 14th of May, 1849. A month afterwards Boyles sold and conveyed the land to David W. Smith, professing to act conformably to the power of attorney which is recited in the deed. This deed was duly admitted to record on the 19th of July, 1849, in the county court of Patrick.

In December, 1853, the power of attorney was deposited in the clerk's office for recordation. There is a certificate to that effect by the clerk, and although never recorded for the want of the necessary proof, the instrument was no

doubt filed, and open to the inspection of the public and all persons interested.

It further appears, that the land was, in the years 1856 and 1857, sold to satisfy David Smith's debts, under a decree of the circuit court of Patrick county, and that William C. Potter became the purchaser, to whom a conveyance was regularly executed by a commissioner of said court on the 25th day of September, 1866, and Potter afterwards sold and conveyed it to William A. Burwell, the defendant in the ejectment.

It was proved in the time that Burwell and those under whom he claims have had possession of the land since 1855 or 1856; that Potter, as early as the year 1857 or 1858, had brought suit against certain persons who had intruded upon the land, and the latter had surrendered the possession and attorned to him as landlord.

Mrs. Barker is described in the power of attorney as a resident of the city of New Orleans; but no proof was adduced on either side on that subject, nor does it appear whether she was at the time living or dead. There is no doubt of the fact that she is a non-resident of the State, and was at the date of all these transactions.

If the power of attorney is a forgery, as is claimed, it is somewhat remarkable that during the last thirty years no one has appeared on the part of Mrs. Barker claiming title to the property, or controverting that of the defendant. Although the defendants have not held possession of the property thirty years, they have held it uninterruptedly from 1856 down to the institution of this suit.

Since 1849 the power of attorney has been acted upon as a muniment of title, and the possession for twenty-three years has been connected with and referrable to it as a valid instrument.

Upon these facts, we are of opinion that the circuit court properly recognized it as genuine in the absence of testi-

mony impeaching it.   The defendant and those under whom he claims having acquired title to the property before the lien of the Commonwealth for taxes attached, that title was not affected by the sale to the plaintiffs.

Without considering, therefore, the other questions arising upon the record, we are of opinion there is no error in the judgment of the court, and the same must be affirmed.

JUDGMENT AFFIRMED.